NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

CHASE RENEII SMITH, *Appellant.*

No. 1 CA-CR 14-0760
FILED 7-28-2015

Appeal from the Superior Court in Yuma County
No. S1400CR201300119
The Honorable David M. Haws, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Law Office of Terri L. Capozzi
By Terri L. Capozzi
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Donn Kessler joined.

---

**W I N T H R O P**, Presiding Judge:

¶1        Chase Reneii Smith ("Appellant") appeals the trial court's finding that he violated conditions of his probation and the subsequent prison sentence. Appellant's counsel has filed a brief in accordance with *Smith v. Robbins*, 528 U.S. 259 (2000); *Anders v. California*, 386 U.S. 738 (1967); and *State v. Leon*, 104 Ariz. 297, 451 P.2d 878 (1969), stating that she has reviewed the record and found no potential issues to raise on direct appeal. Accordingly, we review the record for fundamental, reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30, 2 P.3d 89, 96 (App. 1999). This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2        We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and Arizona Revised Statutes sections 12-120.21(A)(1), 13-4031, and 13-4033(A).[1]  Finding no reversible error, we affirm.

**FACTS AND PROCEDURAL HISTORY**[2]

¶3        On February 5, 2013, a grand jury issued an indictment, charging Appellant with one count of fraudulent use of a credit card, a class six felony. Pursuant to a plea agreement, Appellant pled guilty as charged and the State did not allege prior convictions for sentencing enhancement. On September 11, 2013, the trial court suspended sentencing, placed Appellant on thirty-six months' probation, and ordered that Appellant serve 180 days in jail as a condition of his probation. That same day,

---

[1]    We cite the current version of the applicable statutes because no revisions material to this decision have occurred since the date of the offense.

[2]    We view the facts in the light most favorable to sustaining the trial court's determination and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64, 887 P.2d 592, 594 (App. 1994).

Appellant signed the "Uniform Conditions of Supervised Probation," acknowledging the specific terms of his probation.

¶4　　　　On January 3, 2014, Adult Probation Officer ("APO") Sevier filed a petition to revoke Appellant's probation, alleging Appellant violated Condition One of his probation.　Condition One required Appellant to "maintain a crime-free lifestyle by obeying all laws, and not engaging or participating in any criminal activity."　APO Sevier alleged Appellant violated his probation by committing theft (two counts), theft of a credit card, and fraudulent use of a credit card.

¶5　　　　At the probation violation hearing, Detective Fell of the Yuma Police Department testified that Appellant stole several thousand dollars from his former domestic partner by using her debit card to withdraw cash from her bank account using a number of ATMs.　The victim told police officers that she never received the debit card and PIN sent by her bank shortly before the transactions, and she did not authorize the ATM withdrawals.　Appellant admitted to Detective Fell he withdrew money from the victim's account, but claimed he received the victim's permission to do so.　Detective Fell testified the allegedly fraudulent withdrawals differed from the normal account activity.

¶6　　　　Appellant did not testify at the hearing.　The trial court found Appellant had violated Condition One of his probation.

¶7　　　　On October 1, 2014, the trial court revoked Appellant's probation and sentenced him to a partially aggravated (maximum) prison term of 1.5 years, with credit for 452 days of presentence incarceration. Appellant timely appealed.

**ANALYSIS**

¶8　　　　We have reviewed the entire record for reversible error and find none.　*See Leon*, 104 Ariz. at 300, 451 P.2d at 881; *Clark*, 196 Ariz. at 537, ¶ 30, 2 P.3d at 96.　The evidence presented at the violation of probation hearing was substantial and supports the court's decision to revoke Appellant's probation, and the sentence imposed was within the statutory limits.　Appellant was represented by counsel at all stages of the proceedings and given the opportunity to speak at sentencing.　The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

¶9　　　　After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended.

Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85, 684 P.2d 154, 156-57 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

**CONCLUSION**

¶10 The revocation of Appellant's probation and Appellant's sentence are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: RT